IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| JOSE LUIS FUNES MARTINEZ, | |
| Petitioner, | CIVIL ACTION NO.: 5:23-cv-39 |
| v. | |
| MICHAEL BRECKON, | |
| Respondent. | |

REPORT AND RECOMMENDATION

Petitioner Jose Martinez ("Martinez") filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus while he was housed at the Immigration and Customs Enforcement Processing Facility in Folkston, Georgia. Doc. 1. Respondent filed a Motion to Dismiss, and Martinez filed a Response.[1] Docs. 6, 9. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Martinez's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Martinez *in forma pauperis* status on appeal.

BACKGROUND

Martinez is a native and citizen of Honduras. Doc. 6-1 at 2. Martinez "has been removed from the United States" multiple times since 2006 and has several immigration and felony convictions based on state and federal law violations. Doc. 6 at 2. Martinez was most recently in the Bureau of Prisons' ("BOP") custody serving a 24-month sentence for illegal re-entry, in

---

[1] Respondent filed a second Motion to Dismiss and states Martinez's Petition is moot based on his removal from the United States on December 13, 2023. Doc. 11 at 1. The Court could also grant this Motion and dismiss the Petition as moot or dismiss Martinez's Petition based on his failure to notify the Court of any change in address, as required. Local R. 11.1.

violation of 8 U.C.S. § 1326(a) and (b).  Id.; Doc. 6-1 at 40.  On November 2, 2022, Martinez was placed in the custody of Immigration and Customs Enforcement ("ICE") at the Folkston facility upon his release from the BOP.  Doc. 6-1 at 45; Doc. 1 at 4.

In his Petition, Martinez contends his detention is unlawful due to its length, especially since he is appealing his removal.  Doc. 1-1 at 1.  Martinez claims there is no significant likelihood he will be removed to Honduras in the reasonably foreseeable future.  He cites Zadvydas v. Davis, 533 U.S. 678 (2001), and Clark v. Martinez, 543 U.S. 371 (2005), in support of his claims.  Id.

Respondent maintains Martinez's Petition should be dismissed for two reasons.  First, Martinez did not exhaust his available remedies.[2]  Second, Martinez fails to demonstrate there is no significant likelihood of removal in the foreseeable future.  Doc. 6 at 6.

## DISCUSSION

**I.     Martinez Does Not Show He Is Entitled to Relief**

Under the Immigration and Nationality Act, "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. §1231(a)(1)(A).  During that period, the Attorney General must detain the alien. 8 U.S.C. §1231(a)(2).  However, any continued detention under that statute must not be indefinite.  In Zadvydas, the United States Supreme Court held the indefinite detention of aliens

---

[2]     The Court notes, in certain circumstances, it should not determine exhaustion issues. Specifically, in Jenner v. Stone, this Court noted, "Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, 'that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense.'" Jenner v. Stone, No. CV 317-068, 2018 WL 2976995, at *2 (S.D. Ga. May 16, 2018), report and recommendation adopted, 2018 WL 2972350 (S.D. Ga. June 13, 2018) (quoting Santiago-Lugo, 785 F.3d at 474–75). "However, 'a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. (quoting Santiago-Lugo, 785 F.3d at 475).  The Court has opted to address the relative merits of Martinez's Petition.

raises serious constitutional concerns. 533 U.S. at 701; see also Davis, 543 U.S. at 371. Thus, once an order of removal becomes final, ICE should make every effort to remove the alien within a reasonable time. Zadvydas, 533 U.S. at 701. The Supreme Court found six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id.

However, this does not necessitate every alien detained longer than six months must be released. Id. Rather, to state a claim for habeas relief under Zadvydas, an alien must (1) demonstrate he has been detained for more than six months after a final order of removal; and (2) "provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002); see also D.A.F. v. Warden, Stewart Det. Ctr., 2020 WL 9460467, at *2 (M.D. Ga. May 8, 2020) (same). If a petitioner makes these showings, the burden shifts to the government to respond with evidence to rebut that showing. Zadvydas, 533 U.S. at 701.

Martinez has satisfied the first prong of Akinwale (i.e., detention beyond the six-month removal period). His order of removal became administratively final on November 28, 2006, based on a finding Martinez was deportable after his May 2006 conviction in the State of California.[3] Doc. 6-1 at 2–3. Thus, Martinez has demonstrated a post-removal order of detention of more than six months. Even though Martinez had made such a showing, he has failed to satisfy the second prong of Akinwale. Martinez has not presented any evidence of a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. Akinwale, 287 F.3d at 1052. Martinez has not argued, much less presented evidence,

---

[3] Respondent presents evidence Martinez's order for removal became final no later than November 2, 2022, when he came into ICE's custody. Doc. 6-1 at 4. Even using November 2, 2022, as the relevant date, Martinez was detained more than six months in ICE custody when he filed this Petition on May 15, 2023. Furthermore, regardless of when Martinez's order for removal is considered "final" under Zadvydas, he still does not show any significant likelihood his removal is not reasonably foreseeable.

any department of the United States has hindered his removal. Rather, in his Petition, he simply argues he has been detained for more than six months and his removal appears indefinite. Doc. 1-1 at 1.

Martinez's conclusory and generalized allegation regarding his removability are insufficient to state a claim there is no significant likelihood of his removal in the reasonably foreseeable future. Fahim v. Ashcroft, 227 F. Supp. 2d 1359, 1365 (N.D. Ga. 2002) (Egyptian petitioner's "bare allegations are insufficient to demonstrate a significant unlikelihood of his removal in the reasonably foreseeable future."). Martinez's wholly conclusory allegation lacks any support in the record and does not require consideration by this Court, let alone entitle him to any relief. See Caderno v. United States, 256 F.3d 1213, 1217 (11th Cir. 2001) (vague, conclusory allegations in a 28 U.S.C. § 2255 motion insufficient to state basis for relief); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (quoting Stano v. Dugger, 901 F.2d 898, 899 (11th Cir. 1990) (Petitioner not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible.'")).

Equally unavailing is Martinez's implied argument the Court can presume he will not be removed in the reasonably foreseeable future because he was not removed since the removal order. Under this line of reasoning, the Court would grant relief any time a petitioner is held for longer than six months after a removal order. This would render the second prong of Akinwale meaningless and contradict the holding of Zadvydas. Furthermore, while Martinez has shown he has an appeal pending, he has not demonstrated a significant unlikelihood of his removal in the reasonably foreseeable future. Even if the Court were to accept Martinez's speculation about the time an appeal can take, doc. 9 at 6, Respondent has presented evidence Martinez's removal to

Honduras is likely to occur, despite his appeal, and Honduras is accepting citizens and nationals of Honduras.[4]  Doc. 6-1 at 4.  Of course, Martinez's recent removal wholly undermines his conclusory assertion he will not be removed from the United States in the near term.

Martinez has failed to present any facts indicating ICE is incapable of executing his removal order and his detention will be of an indefinite nature.  Accordingly, the Court should **DISMISS without prejudice** his Petition.  Akinwale, 287 F.3d at 1052 ("Because circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal without prejudicing [petitioner's] ability to file a new § 2241 petition in the future that may seek to state a claim upon which habeas relief can be granted.").

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Martinez leave to appeal *in forma pauperis*.  Though Martinez has not yet filed a notice of appeal, it would be appropriate to address this issue in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").  An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v.

---

[4]     Martinez presents a new basis for relief in his Response to the Motion to Dismiss—his continued detention under 8 U.S.C. § 1226(c) has become unreasonably prolonged.  Doc. 9.  The Court will not address this argument, other than to note Martinez's original claims are based on his detention under 8 U.S.C. § 1231.  Doc. 1.

Gross, 984 F.2d 392, 393 (11th Cir. 1993).  Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'"  Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Martinez's Petition and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS without prejudice** Martinez's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Martinez *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included.  Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein.  Objections not meeting the specificity requirement set out above will not be considered by the District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 3rd day of January, 2024.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA